State of Connecticut *v.* Anonymous (1983–1)*

APPELLATE SESSION OF THE SUPERIOR COURT

PER CURIAM. The issue raised by this appeal is whether the trial court erred in granting the town of Wallingford's post-trial motion for a transcript of portions of a criminal proceeding in which the defendant was acquitted.

---

* Thus entitled, in view of General Statutes § 54-142a.

The uncontroverted facts are as follows: The defendant was employed by the electric division of the town of Wallingford. On May 28, 1981, his employment was terminated. He was subsequently charged with public indecency in violation of General Statutes § 53a-186. The criminal charge arose from the same incident for which his employment was terminated. On June 3, the defendant filed a grievance against the town pursuant to the collective bargaining agreement between the town and the union of which the defendant was a member. The union and the town agreed to stay the grievance proceeding pending the outcome of the criminal action. On April 27, 1982, the defendant was acquitted of the criminal charge. Following his acquittal, he brought suit seeking an order requiring the town to reinstate his employment. After a hearing, the court entered an order that the town reinstate his employment pending resolution of the grievance proceeding. On June 7, 1982, the trial court granted the defendant's motion for disclosure of all police, court and state's attorney's records pertaining to the criminal charge pursuant to General Statutes § 54-142a (f) (1) as amended by Public Acts 1981, No. 81-218. Thereafter, the court granted the town's motion for a transcript of the defendant's testimony at trial and of his counsel's closing argument. We conclude that the court erred in granting that latter motion.

General Statutes § 54-142a (a) provides that "[w]henever in any criminal case . . . the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be immediately and automatically erased." Court records include transcripts of criminal proceedings. *Lechner* v. *Holmberg,* 165 Conn. 152, 160, 328 A.2d 701 (1973). There are four narrow exceptions to this rule set forth in § 54-142a (f) as amended by Public Acts 1981, No. 81-218: "(f) Upon motion properly

brought, the court or a judge thereof, if such court is not in session, (1) may order disclosure of such records upon application of the accused, (2) may order disclosure to a defendant or the accused in an action for false arrest arising out of the proceedings so erased or (3) may order disclosure to the prosecuting attorney and defense counsel in connection with any perjury charges which the prosecutor alleges may have arisen from the testimony elicited during the trial. The court may also order such records disclosed to any hospital or institution to which an accused is confined under the provisions of section 53a-47. Such disclosure of such records is subject also to any records destruction program pursuant to which the records may have been destroyed. The jury charge in connection with erased offenses may be ordered by the judge for use by the judiciary, provided the names of the accused and the witnesses are omitted therefrom." Confining ourselves, as we must do, to the intent of the legislature as expressed in the words it has used; *In re Petition of State's Attorney, Cook County, Illinois,* 179 Conn. 102, 107, 425 A.2d 588 (1979); we are convinced that none of the enumerated exceptions was intended to reach the motion filed by the town of Wallingford in this proceeding.

The town asserts, however, that subsection (f) is remedial in nature and thus, should be liberally construed. In support of this claim, it relies upon *State* v. *Cutler,* 33 Conn. Sup. 158, 366 A.2d 805 (1976), in which the court granted the civil defendant's motion for disclosure under subsection (2) of § 54-142a (f) despite the fact that the civil suit was for malicious prosecution rather than for false arrest. A fortiori, the town claims that this subsection should apply as well to other actions such as the grievance and injunction proceedings filed by the defendant following his termination. We are unpersuaded by this argument. In *Cutler,* the court stated at p. 161 that the purpose of the exceptions provided in the statute was to "[protect]

from the harmful consequences of nondisclosure those persons whose involvement in the arrest in the criminal action causes them to be named defendants in a civil action *arising out of the criminal proceeding.*" (Emphasis added.) The present case is clearly distinguishable from *Cutler* for the reason that the civil actions filed by the defendant in this case did not arise out of the criminal proceeding as required by § 54-142a (f) (2).

The town also contends that it would be unfair to deny its motion for disclosure after the court granted a similar motion made by the defendant, the fruits of which might be used against it in the pending labor and civil actions. This claim is unsound for the reason that the statute specifically provides that the criminal defendant may always obtain disclosure upon application to the court regardless of the purpose for which the records are sought. Moreover, to uphold the granting of the town's motion on this ground would contravene the firmly established rule of statutory construction that statutorily created exceptions to a general rule must be strictly construed and the language not extended beyond its evident intent. *Kulis* v. *Moll,* 172 Conn. 104, 110, 374 A.2d 133 (1976). For the foregoing reasons, we conclude the court erred in granting the town's motion for transcript.

There is error, the judgment is set aside and the case is remanded with direction to render judgment denying the town of Wallingford's motion for transcript.

DALY, COVELLO and CIOFFI, Js., participated in this decision.